Opinion issued February 26, 2009
















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00136-CV

____________


DIEN VAN NGUYEN A/K/A ALPHONSE DIEN VAN NGUYEN, Appellant


V.


ALOYSIUS DUY-HUNG HOANG A/K/A HOANG DUY HUNG, Appellee






On Appeal from County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 851515






MEMORANDUM OPINION


 Appellant, Dien Van Nguyen a/k/a Alphonse Dien Van Nguyen (Nguyen),
appeals the trial court's final judgment in favor of Aloysius Duy-Hung Hoang a/k/a
Hoang Duy Hung (Hoang). Nguyen challenges the judgment for libel by asserting no
evidence shows Nguyen acted with actual malice. Hoang has not filed an appellee's
brief. We reverse the judgment of the trial court and render judgment in favor of
Nguyen because no evidence shows actual malice.

Background

 Both Nguyen and Hoang are Vietnamese and can speak and read the language. 
Nguyen sent an email to Hoang as well as other "friends and colleagues." The original
is written in Vietnamese, but the relevant passages translate as follows:

 You collected from the people in California $100,000.00 to form
a "Heavenly Peace Square" in Vietnam. Did you do it? If you did not do
it, what did you do with that money?


 You received $5,000.00 from Ly Tong's Legal Fund to go to
Thailand to advocate for him. Did you do it? If you did not, what did
you do with that money?


 If you do not refund these [sic] money, you are a fraudulent person
who stole and robbed the money from the people.


 You are in Houston. You stole the position as President of
Vietnamese Writers PEN Abroad, Georgia Center.

 Hoang filed suit, alleging libel and seeking actual damages, exemplary damages,
attorney's fees and costs, and pre- and post-judgment interest. In response to Nguyen's
request for disclosure of "[t]he amount and any method of calculating your alleged
economic damages," Hoang replied, "Plaintiff does not request for [sic] pecuniary
damages." After a bench trial, the trial court rendered judgment against Nguyen in the
amount of $1, plus pre- and post-judgment interest and court costs. The court found
that Hoang "is a public figure" and that Nguyen's "conduct was made with actual
malice." The trial court did not make findings of fact and conclusion of law, as
Nguyen's request for those was untimely. Nguyen filed a motion to vacate and render
judgment in Nguyen's favor, and alternatively, a motion for new trial. Those motions
were overruled by operation of law. 

Actual Malice

 In his fourth issue, Nguyen asserts the trial court erred by finding Nguyen acted
with actual malice because no clear and convincing evidence showed actual malice.

 In defamation suits involving public figures, the actual malice standard serves
to protect innocent but erroneous speech on public issues, while deterring "calculated
falsehoods." Turner v. KTRK Television, Inc., 38 S.W.3d 103, 120 (Tex. 2000). "The
First Amendment requires actual malice to be proven by clear and convincing evidence,
which means evidence that supports a firm conviction that the fact to be proved is
true." Bentley v. Bunton, 94 S.W.3d 561, 596-97 (Tex. 2002). A showing of "actual
malice" in a defamation suit requires proof that the defendant made a statement with
knowledge that it was false or with reckless disregard of whether it was true. New
Times, Inc. v. Isaacks, 146 S.W.3d 144, 162 (Tex. 2004); Huckabee v. Time Warner
Entm't Co., 19 S.W.3d 413, 420 (Tex. 2000). Reckless disregard is a subjective
standard, focusing on the defendant's state of mind. Isaacks, 146 S.W.3d at 162;
Bentley, 94 S.W.3d at 591. Specifically, the plaintiff must establish that the defendant
in fact entertained serious doubts as to the truth of his publication, or had a high degree
of awareness of the probable falsity of the published information. Isaacks, 146 S.W.3d
at 162 (citing Bentley, 94 S.W.3d at 591) (internal quotations omitted). A plaintiff may
rely on circumstantial evidence to prove a defendant's state of mind. Bentley, 94
S.W.3d at 591.

 "The question whether the evidence in the record in a defamation case is of the
convincing clarity required to strip the utterance of First Amendment protection is not
merely a question for the trier of fact." Id. at 597. We independently review the trial
court's finding of actual malice, giving limited deference to the fact finder's
determinations. See id. at 597-98. We first determine what testimony the fact finder
must have rejected in finding the defendant acted with actual malice. Id. at 599. If the
fact finder's credibility determinations are not clearly erroneous, we must disregard that
testimony the fact finder found incredible. Id. Next, we identify the undisputed facts. 
Id. Finally, we determine "whether the undisputed evidence along with any other
evidence that the jury could have believed provides clear and convincing proof of
actual malice." Id.

 We begin by determining what testimony the fact finder must have rejected in
finding that Nguyen acted with actual malice. See id. at 600. Nguyen testified that he
did not intend to "hurt Mr. Hoang in any way" by writing his email. By finding
Nguyen liable, the trial court implicitly declined to believe Nguyen's claim that he did
not intend to hurt Hoang. Because the trial court's determination is not clearly
erroneous, we defer to the trial court's credibility determination and disregard
Nguyen's claim of lack of intent. See id. at 559 ("As long as the jury's credibility
determinations are reasonable, that evidence is to be ignored."). 

 In finding that Nguyen acted with actual malice, the fact finder necessarily
rejected Nguyen's testimony that he relied on sources to support his statements. 
Nguyen stated that he based his email statements on independent research of multiple
books, magazine articles, and newsgroup emails, but he failed to produce all of the
books, magazine articles, and emails on which he claims he based his statements about
Hoang. Nguyen testified he deleted many of the emails on which he based his
information because they were duplicative and took up memory. However, Nguyen did
introduce several sources of information that Nguyen used in writing his email,
including Hoang's own autobiography, the video recording of a 1999 conference, and
a letter from the then-president of the Overseas Vietnamese Women's Association. 
Although Nguyen failed to produce all the evidence he claims demonstrates his reliance
on outside sources in writing his email, the evidence he did produce shows he relied
on sources which support the statements he made. We conclude the fact finder
unreasonably discredited Nguyen's testimony related to his research of independent
sources. See id. at 600 (disregarding testimony only after concluding jury was
reasonable in discrediting same).

 We next identify which facts were established conclusively. Id. On direct
examination, Nguyen admitted that some sources he read differed from Hoang's
biography, which Nguyen stated he read multiple times. Despite their sources'
contradictory accounts, Nguyen published his statements before questioning or
verifying information directly with Hoang. It was also established that Nguyen had the
capacity to email his queries directly to Hoang before emailing the entire newsgroup. 
While these facts might demonstrate sloppy research, they do not establish actual
malice. See id. at 601 ("We are mindful that a failure to investigate the facts is not, by
itself, any evidence of actual malice . . . ."); see also Harte-Hanks Commc'ns, Inc. v.
Connaughton, 491 U.S. 657, 692, 109 S. Ct. 2678, 2698 (1989) ( "Although failure to
investigate will not alone support a finding of actual malice, the purposeful avoidance
of the truth is in a different category.").

 Hoang also established that after this suit was filed, Nguyen published two
additional emails concerning Hoang. One email is Nguyen's account of being served
with process, and the other is Nguyen's account of negotiations during Nguyen's
deposition. "Actual malice may be inferred from . . . 'the defendant's words or acts
before, at, or after the time of the communication.'" Clark v. Jenkins, 248 S.W.3d 418,
435 (Tex. App.--Amarillo 2008, pet. denied) (quoting Dolcefino v. Turner, 987
S.W.2d 100, 111-12 (Tex. App.--Houston [14th Dist.] 1998), aff'd sub nom. Turner
v. KTRK Television, Inc., 38 S.W.3d 103 (Tex. 2000)). The emails make no mention
or reference to the subject matter forming the basis of this lawsuit. At most, the emails
establish Nguyen's ill will toward Hoang, especially after Nguyen was sued, but ill will
alone is not evidence of actual malice. See Bentley, 94 S.W.3d at 596 (stating that
injurious motive is not alone proof of actual malice).

 We finally consider the undisputed evidence in light of the entire record. 
Although Hoang showed Nguyen may have acted with ill will, none of the evidence or
testimony supports a finding that Nguyen published his email with knowledge that it
was false or with reckless disregard of whether it was true. See Isaacks, 146 S.W.3d
at 162. There is no evidence that Nguyen knew his statements were inaccurate at the
time he published them. See Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S.
485, 512, 104 S. Ct. 1949, 1966 (1984) (finding publisher's attempt to rationalize
wording choice was no evidence of actual malice because it did "not establish that he
realized the inaccuracy at the time of publication"). There is also no evidence that
Nguyen purposefully ignored other information sources. See Harte-Hanks, 491 U.S.
at 692, 109 S. Ct. at 2698 (finding publisher chose to ignore additional available
witness and available game footage). We hold the trial court erred by finding Nguyen
acted with actual malice because no evidence shows Nguyen purposefully avoided the
truth. See Bentley, 94 S.W.3d at 596 (stating that actual malice is purposeful avoidance
of truth). 

 We sustain Nguyen's fourth issue. Having determined Hoang failed to prove
Nguyen acted with actual malice, we do not reach Nguyen's remaining issues on appeal
that contend the trial court erred by finding that the passages from Nguyen's email are
reasonably capable of defamatory meaning; Hoang suffered monetary damage as a
result of the alleged libel; and the passages in Nguyen's email contained falsehoods. 






Conclusion

 We reverse the trial court's judgment. We render judgment in favor of Nguyen.

 

 

 Elsa Alcala

 Justice 


Panel consists of Chief Justice Radack, and Justices Alcala and Hanks.